Daniel P. Buckley
Buckley Law Office, P.C.
125 W. Mendenhall
Bozeman, Montana 59715
Telephone: 406-587-3346
Email: dbuckley@danbuckleylaw.com

Mark J. Luebeck
Angel, Coil & Bartlett
125 West Mendenhall, Suite 201
Bozeman, MT 59715
Telephone: (406) 586-1926
mluebeck@angelcoilbartlett.com

Attorneys for Plaintiffs



MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INDEMNITY CO., and JOHN DOES I - XX,<br><br>Defendants. | Cause No. DV-18-1324B<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) Summons |

Plaintiff states, complains and alleges as follows:

1. This case involves Defendant's programmatic failure to promptly advance pay damages, such as medical bills and lost wages, as those damages are incurred by a tort victim when liability is reasonably clear, in violation of Montana law. Plaintiff Brandon L. Moe was involved in an automobile collision, in Cascade County, Montana, on March 14, 2015. Plaintiff suffered injury from the automobile collision, sought medical treatment, incurred medical bills and suffered lost wages. Defendant insured the tortfeasor that caused injury to Plaintiff. Defendant failed to promptly advance pay those medical bills and wage losses as those

damages were incurred, even though liability was reasonably clear. On information and belief, Defendant programmatically violates Montana law that requires it to conduct a reasonable investigation into incurred damages that are due and owing in advance of final settlement, and to advance pay those damages without attempting to leverage to a full bodily injury settlement.

2. At all times relevant herein, Plaintiff resided in Gallatin County, Montana.

3. Defendant Geico Indemnity Co. has at all times relevant hereto been an insurance company licensed to do business in the state of Montana, providing insurance in the state of Montana, and was adjusting the claims which are the subject of this suit in the state of Montana. Defendant may also operate and do business through other companies in the sale of insurance and adjustment of claims in Montana, including its parents, subsidiaries, and affiliates, which are not yet known to Plaintiff.

4. John Does I-XX are individuals or entities not yet specifically known to Plaintiff, including any of the Geico insurance companies such as its parents, subsidiaries, and affiliates, who may have been involved in acts and/or omissions which is the subject of this matter, giving rise to the events complained of herein, and are liable for Plaintiff's injuries.

5. On March 14, 2015, Plaintiff was riding as a passenger in a vehicle driven by another. The vehicle Plaintiff was riding in was rear-ended by another vehicle driven by Loretta Westcott.

6. Ms. Westcott was fully at fault for the collision and liability was reasonably clear. Plaintiff was not liable for the collision.

7. Defendant insured Ms. Westcott for automobile liability insurance coverage.

8. As a result of the motor vehicle collision, Plaintiff was injured. Plaintiff sought medical treatment. Plaintiff incurred medical bills and suffered lost wages as a result of his injuries.

9. Defendant was made aware that Plaintiff was treating, incurred medical bills and suffered

lost wages. Moreover, Plaintiff's medical provider sent Defendant the medical records and bills, and requested payment. After receiving those records and bills, Defendant failed to make prompt payment of those bills.

10. Plaintiff's outstanding medical bills were eventually turned over to a collection agency by his medical provider.

11. Proof of lost wages was also provided to the Defendant. After receiving proof of those lost wages, Defendant failed to make prompt payment of those lost wages.

12. Defendant failed to conduct a reasonable investigation based upon all available information into Plaintiff's medical bills and lost wages.

13. Defendant failed to promptly advance pay those medical bills and lost wages even though liability was reasonably clear for those damages.

14. Defendant further attempted to settle with Plaintiff for the entirety of his bodily injury claim rather than promptly advance pay his medical bills and lost wages and mispresented its legal obligations by reason of the same.

15. Defendant has since explained that it failed to make *Ridley* payments because: "We did not refuse payment for Mr. Moe's medical bills, [because] [1] Ridley was not requested as well as [2] Mr. Moe was unresponsive regarding our attempts to settle his Bodily Injury claim."

16. Only after specific demand, by using the terms *Ridley* and *DuBray*, did Defendant finally send payment for medical bills and lost wages. However, these payments were made approximately 2 ½ years after the medical bills and lost wages were incurred and after Plaintiff's medical bills had been turned over to a collection agency.

17. Plaimtiff incurred interest on the unpaid medical bills. Defendant refused to pay these incurred interest charges because "…at no time did Mr. Moe request advance payments…."

18. Plaintiff and Defendant reached a final settlement of Plaintiff's bodily injury claim.

19. Defendant's claims adjusting practices are prohibited by Montana law. Montana law imposes upon Defendant the affirmative duty to conduct a reasonable investigation into claims based upon all available information and, when liability is reasonably clear, to promptly advance pay certain losses as those damages are incurred, such as medical bills and lost wages. *See, e.g., Ridley v. Guaranty Nat. Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997); *DuBray v. Farmers Ins. Exchange*, 2001 MT 251, 307 Mont. 134, 36 P.3d 897; *Shilhanek v. D-2 Trucking, Inc.*, 2003 MT 122, 315 Mont. 519, 70 P.3d 721; *Renville v. Farmers Ins. Exchange*, 2003 MT 103, 315 Mont. 295, 69 P.3d 217; and, *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶¶ 134, 147-49, 345 Mont. 12, 192 P.3d 186. (Hereafter, referred to as *Ridley/DuBray*).

20. An insurer must make these prompt payments in advance of final settlement of the bodily injury claim. *Id.*

21. An insurer is must not fail to make payment of these damages in order to influence settlement of claims for other types of damages. *Id.*

22. Montana public policy requires automobile liability insurance in order to protect tort victims. *Id.* Montana law recognizes the importance of these duties for the protection of tort victims because, without these duties, tort victims: are subjected to financial stress, can not afford medical treatments, can have inadequate medical treatment and recovery, can suffer credit damage, can lead to ill-advised settlement of other legitimate damage claims, and can leverage such ill-advised settlements. *Id.*

23. Defendant has duties under the Montana Unfair Trade Practices Act, and may not:

> (1) misrepresent pertinent facts or insurance policy provisions relating to coverages [or claims] at issue;
> (3) fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and,
(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

Mont. Code Ann. § 33-18-201 (1)(3)(4)(6) and (13); and, *Jacobsen v. Allstate*, 2009 MT 248, ¶ 47, 351 Mont. 464, 215 P.3d 649.

24. Defendant has a duty to understand and follow Montana law, and to handle claims in strict accordance with the well-established standards applicable to the insurance industry and the insuring laws of Montana, and to further apply the law as stated in the statutes and case law.

25. Based on information and belief, both in the present case and programmatically, Defendant:

a. misrepresents pertinent facts or insurance policy provisions relating to coverages and claims at issue, including misrepresenting the law and its legal obligation to tort victims;

b. has failed to adopt and implement reasonable standards for the prompt investigation of claims;

c. refuses to promptly advance pay *Ridley/DuBray* damages, as those damages are incurred, without conducting a reasonable investigation based upon all available information;

d. neglects to promptly, fairly and equitably pay *Ridley/DuBray* damages, as those damages are incurred, when liability is reasonably clear;

e. fails to promptly advance pay *Ridley/DuBray* damages, as those damages are incurred, in order to influence settlement of claims for other types of damages (i.e., final settlement of the bodily injury claim), when liability is reasonably clear; and,

f. has failed to engage in good faith and fair dealing with claimants/insureds, has failed to promptly advance pay claims in good faith, has failed to comply with

honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade, and has engaged in bad faith adjustment.

26. Based on information and belief, both in the present case and programmatically, Defendant violates Montana law in it claims handling adjustment practices of its *Ridley/DuBray* duties with various tactics, including but not limited to: (a) failing to conduct a reasonable investigation of *Ridley/DuBray* damages, (b) failing to make prompt payments of *Ridley/DuBray* damages, (c) failing to make payment of *Ridley/DuBray* damages when due and owing because the tort victim did not affirmatively demand the same, (d) attempting final settlement of the bodily injury claim in lieu of making payment of *Ridley/DuBray* damages, (e) asserting it will only pay *Ridley/DuBray* medical bills after treatment is concluded, and (f) asserting it is not a health insurance carrier for the injured tort victim.

27. By reason of this, Plaintiff, and similarly situated insureds and claimants, were harmed.

**COUNT ONE**
**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

28. Plaintiff herein re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

29. Defendant has certain affirmative duties in the claims handling and settlement process, as set forth in Montana's Unfair Trade Practices Act, § 33-18-201, MCA, and case law interpreting and applying the same, prohibiting bad faith insurance adjusting and claims handling.

30. Defendant's claims handling practices violate its duties under Montana law.

31. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-102, MCA, the Act is remedial, and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

32. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-201, MCA, the

courts have the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" and the declaration may be either "affirmative or negative in form and effect."

33. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-202, MCA, a person whose "rights, status, or other legal relations are affected by a statute…may have determined any question of construction or validity arising under the…statute", and "obtain a declaration of rights, status or other legal relations thereunder." Further, per § 27-8-205, MCA, the other exercise of the general powers conferred in § 27-8-201, MCA, is not limited by the enumeration of powers in § 27-8-202, MCA, in which a judgment or decree "will terminate the controversy or remove an uncertainty."

34. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-301, MCA, all necessary parties should be joined that would be affected by the declaration.

35. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-313, MCA, the courts may grant, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."

36. Here, Plaintiff, and those similarly situated, have certain rights, status, uncertainty, insecurity, and other legal relations which have been affected by Defendant's conduct for the reasons stated herein. Given Defendant's conduct, Plaintiff, and those similarly situated, have been harmed by Defendant's failure to comply with its duties under Montana law.

37. Pursuant to the provisions of Montana's Declaratory Judgment Act, Plaintiff requests the Court issue a declaratory judgment in favor of him, and those similarly situated, as follows:

    a. That Defendant violates Montana law by engaging in illegal claims adjusting practices contrary to its duties pursuant to *Ridley/DuBray*.

    b. That Defendant violates Montana law by misrepresenting pertinent facts or

insurance policy provisions relating to coverages and *Ridley/DuBray* claims at issue, including misrepresenting the law and its legal obligations to tort victims;

c. That Defendant violates Montana law by having failed to adopt and implement reasonable standards for the prompt investigation of claims;

d. That Defendant violates Montana law by refusing to promptly advance pay *Ridley/DuBray* damages, as those damages are incurred, when liability is/was reasonably clear, without first conducting a reasonable investigation based upon all available information into those damages.

e. That Defendant violates Montana law by neglecting to promptly, fairly and equitably advance pay *Ridley/Dubray* damages, as those damages are incurred, when liability is/was reasonably clear.

f. That Defendant violates Montana law by failing to promptly pay *Ridley/DuBray* damages, as those damages are incurred, in order to influence settlement of claims for other types of damages (i.e., payment of the final settlement of the bodily injury claim);

g. To issue prospective declaratory and injunctive relief requiring Defendant to: (i) cease with misrepresenting pertinent facts or insurance policy provisions relating to coverages and *Ridley/DuBray* claims at issue, including misrepresenting the law and its legal obligation to tort victims, (ii) adopt and implement reasonable standards for the prompt investigation of *Ridley/DuBray* damages, (iii) conduct reasonable investigations based upon all available information into *Ridley/DuBray* damages, (iv) promptly, fairly and equitably make payment of *Ridley/DuBray* damages, as those damages are incurred, when liability is reasonably clear, (v) cease its attempts to influence settlement of other claims (i.e., payment of final

settlement of the bodily injury claim) by failing to pay *Ridley/DuBray* damages, as those damages are incurred, when liability is reasonably clear, and (vi) to further prohibit Defendant from using the illegal tactics as described herein, and as further developed in discovery.

h. For other relief as more specifically stated in the Class claims, set forth below.

WHEREFORE, Plaintiff prays for this relief and the relief set forth herein and in the prayer for relief.

**COUNT TWO**
**UNFAIR TRADE PRACTICES/COMMON LAW BAD FAITH**

38. Plaintiff herein re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

39. Defendant violated Montana's Unfair Trade Practices Act, § 33-18-201, MCA, and the common law, causing Plaintiff to suffer injury, damages and loss, giving rise to a general tort action in favor of Plaintiff pursuant to § 33-18-242, MCA.

40. Defendant engaged in common law bad faith and violated the common law governing Defendant's duties to engage in good faith and fair dealing in the handling and adjustment of claims.

41. Defendants have acted with and engaged in actual malice as defined by MCA § 27-1-221, making punitive damages appropriate to deter this type of conduct from occurring in this case and in others.

42. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for this relief and the relief as set forth herein and in the prayer for relief.

**COUNT THREE**
**CLASS ACTION**

43. Plaintiff herein re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

44. The causes of action and claims for relief, set forth above, are incorporated herein by reference.

45. Plaintiff brings this action pursuant to the provisions of Rule 23(a) and Rule 23(b)(2) and, alternatively or in addition to, Rule 23(b)(3), of the Montana Rules of Civil Procedure as a class action for himself and as representative of and on behalf of all other persons similarly situated, to-wit:

    a. for each claimant and/or insured who was/is a tort victim;

    b. in which Defendant was/is either the liability insurer for the tortfeasor, or was/is the first-party insurer for the injured tort victim in which first-party coverage is afforded;

    c. in which the injured tort-victim incurred/is incurring *Ridley/DuBray* damages arising from the tort;

    d. in which liability was/is reasonably clear for those damages; and,

    e. in which Defendant has/is failed/ing to promptly pay *Ridley/DuBray* damages, as those damages are incurred.

46. This class action satisfies the prerequisite set forth in Rule 23(a) for maintaining a class action:

    a. The class is so numerous that joinder of all members is impracticable.

    b. There are questions of law and/or fact common to the class based on Defendants claims adjusting practices, to-wit:

        i. Whether Defendant's programmatic claims handling practices, as

generally applied to the class as a whole, violates Montana's UTPA, Montana's common law bad faith, and *Ridley/DuBray*, to wit:

(a) misrepresenting pertinent facts or insurance policy provisions relating to coverages and claims at issue?

(b) failing to adopt and implement reasonable standards for the prompt investigation for *Ridley/DuBray* damages?

(c) refusing to pay *Ridley/DuBray* damages without conducting a reasonable investigation based upon all available information regarding *Ridley/DuBray* damages, as those damages are incurred?

(d) neglecting in good faith to effectuate prompt, fair and equitable settlement/payment of *Ridley/DuBray* damages, as those damages are incurred, when liability is reasonably clear? and/or

(e) failing to promptly settle/pay damages under *Ridley/DuBray* damages, as those damages are incurred, in order to influence settlement of claims for other types of damages (i.e., payment final settlement of the bodily injury claim)?

ii. Whether Defendant's programmatic claims handling practices, as generally applied to the class a whole, has caused indivisible damages to the class as a whole?

iii. Whether Defendant's programmatic conduct constitutes actual malice, as defined by § 27-1-221(2), MCA?

iv. Further, Defendants have engaged in said conduct, in violation of Montana law, and this is a common contention central to the validity of the claims of all class members that will drive the resolution of this

litigation because Defendants have programmatically failed to comply with its duties as stated above as to Plaintiff and the class members in the same manner, and, thus, this litigation will generate common answers for all class members.

c. Plaintiff's claim herein is typical of the class, to-wit: Plaintiff's claims and remedies sought stem from the same events, practices and/or course of conduct, just as the class members' claims and remedies do, and Plaintiff's claims are based upon the same legal and/or remedial theory as that of the class members. Plaintiff's claims and the class claims arise from Defendants' failure to comply with its duties as stated above, resulting in Plaintiff and class members to suffer the consequences of Defendant's breach of its duties to make prompt advance payments, and the remedial measures are the same for each as set forth herein.

d. Plaintiff has no interest in conflict with the members of the class, and Plaintiff's counsel has experience representing plaintiffs in class actions, and Plaintiff and his counsel will fairly and adequately protect the interests of the class.

47. Defendants have acted on grounds that are generally applicable to the class, thereby making appropriate corresponding declaratory and/or injunctive relief with respect to the class as a whole, as more fully set forth above and incorporated herein by reference.

48. For those class members who have made final settlement of their bodily injury claim, that mandatory injunctive relief be afforded to said class members, as follows:

a. court-appointed notice of their right and opportunity to have their claims reopened and readjusted, with court-approved notice of the duties of Defendant to make prompt advance payments for *Ridley/DuBray* damages, as those damages are incurred; and,

b. court-appointed notice of their right and opportunity to seek additional medical treatment if needed and desired, and to have *Ridley/DuBray* damages paid in a prompt manner, as those damages are incurred, in advance of final settlement of the bodily injury claim.

49. For those class members who have not yet made final settlement their bodily injury claim, that mandatory injunctive relief be afforded to said class members, as follows:

a. court-appointed notice of their rights and remedies under the law, including but not limited to: the duties of Defendant to make prompt advance payments of *Ridley/DuBray* damages, as those damages are incurred, prior to final settlement of their bodily injury claim.

50. That subsequent to said mandatory injunctive and declaratory relief, that said class members also be given court-appointed notice of the opportunity to have individual trials on their individualized damages, if so desired by the individual class members.

51. That payments and profits retained by Defendants through its conduct as described herein be disgorged and paid to the Plaintiff and class members.

52. That Defendants be enjoined from further engaging in the acts described herein.

53. Alternatively, or in addition to, under Rule 23(b)(3), questions of law or fact common to the members of the class predominate over any questions effecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, to wit:

a. The law of Montana, as described above, applies to every class member and the class members' interests in individually controlling the prosecution or defense of separate actions are minimal;

b. No other cases concerning this controversy have begun by members of the class,

to the best knowledge of Plaintiff, as to the extent and nature of the case;

c. It is desirable to concentrate these issues in controversy in this litigation in one forum; and,

d. There is little likelihood that there will be difficulties in managing this case as a class action.

54. Plaintiff and the members of the class are entitled to the relief described herein as may be relevant to the certified class type and/or hybrid class, including punitive damages.

WHEREFORE, Plaintiff prays for this relief and the relief as set forth herein and in the prayer for relief.

**COUNT FOUR**
**COMMON FUND**

55. Plaintiff herein re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

56. As a result of the efforts of Plaintiff, a common fund will be created whereby all in the class will share in the common fund and all such class members should bear a proportionate share of the litigation costs, including attorney fees and costs incurred therein.

WHEREFORE, Plaintiff prays for this relief and the relief as set forth herein and in the prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For Judgment in favor of Plaintiff and the class, and against Defendant.
2. For certification of this matter as a class action.
3. Pursuant to the provisions of Montana's Declaratory Judgment Act to declare and enter Judgment in favor of Plaintiff and the class members as set forth above, including notice as set forth above.

4. For mandatory declaratory and injunctive relief as set forth above.
5. To enjoin Defendant from engaging in the conduct as set forth above.
6. Alternatively, to award Plaintiff and the class general and special damages in amounts sufficient to compensate them for Defendants' wrongful conduct, depending on the type of certified class and/or hybrid class.
7. For punitive damages.
8. To award attorney's fees and costs incurred herein.
9. For such interest as prescribed by law.
10. For such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED and DATED this 21st day of December, 2018.

BUCKLEY LAW OFFICE, P.C.

By:____________________
Daniel P. Buckley
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial of all issues triable by jury in this cause.

DATED this 21st day of December, 2018.

BUCKLEY LAW OFFICE, P.C.

By:____________________
Daniel P. Buckley