UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated,<br><br>              Plaintiffs,<br><br>              v.<br><br>GEICO INDEMNITY CO., and JOHN DOES I – XX,<br><br>              Defendants. | Case No. 2:19-CV-00023-BMM-KLD<br><br>**JOINT STIPULATED CONFIDENTIALITY PROTECTIVE ORDER** |

      The above-captioned parties have agreed to entry of a protective order governing confidentiality in this action. Based upon the agreement of these parties, the Court ORDERS as follows:

      This Protective Order ("Order") shall govern any documents, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, deposition testimony or other discovery material produced during

the pretrial discovery stage of this action. In connection with pretrial discovery proceedings in this action, the producing party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" on the ground that it contains or is information legitimately protected from public disclosure.

For the purposes of this Order the designation of "Confidential" shall be applied only to material that discloses trade secret information, which includes, but is not limited to, anything that provides a competitive advantage to the party in its industry; non-public financial information; and information that the producing party is required to keep private pursuant to any law, regulation, or if the producing party is bound by any agreement with a third-party to keep such documents confidential.

Confidential documents shall be designated by stamping or Bates coding copies of the document produced to a party with "CONFIDENTIAL." Labeling "CONFIDENTIAL" on the cover of any multipage document shall designate all parts of the document as confidential unless otherwise indicated by the producing party. Documents made available for inspection or review need not be designated as "CONFIDENTIAL" until such time as the reviewing party designates them for copying and production.

1. Material designated by counsel ("Designating Counsel") as "CONFIDENTIAL" under this Order, the information contained therein, and any

summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (collectively, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

2. A party or other person objecting to the protected status of Confidential Material shall provide written notice of the objection to Designating Counsel, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If Designating Counsel continues to believe that the disputed materials should be confidential, the objecting party shall be entitled to seek a ruling from the Court regarding the confidentiality of such disputed material. The burden rests upon the party seeking confidentiality to demonstrate that such designation is proper.

3. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court and its staff, including court reporters, to counsel for a party, including the paralegal, clerical, and secretarial staff employed by such counsel (hereinafter, "Counsel"), to testifying witnesses, whether at deposition or otherwise, during the prosecution and/or defense of this action, and to the "Qualified Persons" designated below:

    a. a party, or an officer, director, or employee of a party, or its insurer, insurer's representative, claims handler, or third-party administrator,

deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  b. outside experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  c. employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation.

4. Before receiving any Confidential Material, each "Qualified Person" designated in categories 3(b) through 3(c) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality in the form of Exhibit A. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for retaining the executed originals of all such Acknowledgments until such time as the certification required by Paragraph 1 is provided. Counsel for the Party making such documents available shall retain each such executed "Agreement to Maintain Confidentiality" and shall keep a list identifying: (a) all persons described in paragraphs 3(b)-(c) above to whom documents subject to the Protective Order have been disclosed; and (b) all documents subject to the Protective Order disclosed to such persons.

5. Any Confidential Material shall not be revealed to any person not designated in Paragraph 3, unless the party producing the Confidential Material

assents in writing to the disclosure or unless the Court otherwise directs. If any court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of Confidential Material that a party has obtained under the terms of this Order, before turning over the Confidential Material such party shall promptly (not more than twenty-four (24) hours after receipt of such request, demand, subpoena or order) notify the party which so designated the material as Confidential of the pendency of such request, demand, subpoena, or order and afford a reasonable opportunity for the party that designated the Confidential Material to oppose the request, demand, or subpoena or to seek a protective order.

6. To the extent a deponent testifies about subject matter that a party might properly designate as Confidential pursuant to the Order, or Confidential Material covered by this Order is marked as an exhibit, counsel for an affected party may designate that portion of the testimony, or the exhibit or both, as Confidential pursuant to the Order, either at the time of the deposition or by e-mailing or mailing written notification within thirty (30) calendar days after receipt of the deposition transcript. If such a designation is made at the time of the deposition: (A) only Qualified Persons may be present for that portion of the testimony; (B) the court reporter shall mark the cover page of the transcript as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER;" and (C) the entire transcript shall be treated as

Confidential pursuant to the Order until Designating Counsel timely identifies the portions subject to the designation. Designating counsel shall identify the pages and lines of the transcript and the exhibits that it is designating as Confidential pursuant to the Order by email or mail within thirty (30) calendar days after receipt of the deposition transcript, and only those designated portions and exhibits shall thereafter be treated as Confidential pursuant to the Order.

7. The parties agree to adhere to the provisions set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. **The production of a privileged or protected document shall not be deemed a general waiver of such privilege or protection**.

8. If Confidential Material is contained in a document that a party seeks to file with the Court, the filing party may file a motion for leave to file under seal pursuant to Fed. R. Civ. P. 5.2(d) and the procedures of this Court. To seek leave to file a document under seal, the filing party shall: (A) Consult opposing counsel to seek agreement; and (B) E-file a motion for leave to file under seal, identifying opposing counsel's position, following all applicable Local Rules seeking to file documents under seal. In addition, any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case)

and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

9. The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

SO ORDERED this 7th day of August, 2019.

_____
Kathleen L. DeSoto
United States Magistrate Judge

# Exhibit A – Agreement to Maintain Confidentiality

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order governing confidential information produced in Case No. 2:19-CV-00023-BMM-JCL (the "Protective Order"); that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any confidential discovery material, in any form whatsoever, and that such confidential discovery material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material and further information will continue even after this litigation continues.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Montana, Butte Division, to the full extent allowed by law and to the full extent determined by the United States Court(s), for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

Dated:

By: _____

Subscribed and sworn to before me this _____ day of _____, 20 __.

_____
NOTARY PUBLIC
Commission expires: _____