IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INDEMNITY CO., GOVERNMENT EMPLOYEES INSURANCE COMPANY, and JOHN DOES I-XX,<br><br>Defendants. | CV 19-23-BU-BMM-KLD<br><br>FINDINGS AND RECOMMENDATION |

Defendants GEICO Indemnity Co. ("GEICO") and Government Employees Insurance Company ("Government Employees") move to dismiss Plaintiff Brandon Moe's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion should be granted in part and denied in part as set forth below.

## I. Background

On March 14, 2015, Moe was injured in an automobile accident when the vehicle in which he was riding as a passenger was struck from behind by another vehicle driven by Loretta Wescott. At the time of the accident, Wescott's vehicle was insured under an automobile liability insurance policy issued by GEICO. As a

result of the injuries he sustained in the accident, Moe incurred medical bills and suffered lost wages.

In December 2018, Moe filed his original Complaint in state court naming GEICO as the sole defendant. Moe alleged that GEICO failed to promptly advance payment for his medical bills and lost wages under *Ridley v. Guaranty Nat'l. Ins. Co.*, 951 P.2d 987 (Mont. 1997) and *Dubray v. Farmers Ins. Exch.*, 36 P.3d 897 (Mont. 2001). Moe asserted four claims against GEICO: (1) declaratory and injunctive relief; (2) violations of Montana's Unfair Trade Practices Act ("UTPA") and common law bad faith; (3) class action; and (4) common fund. (Doc. 2).

GEICO removed the case to this Court, and filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Doc. 6). On July 25, 2019, United States Magistrate Judge Jeremiah C. Lynch entered a Findings and Recommendation, recommending that GEICO's motion to dismiss be granted in part and denied in part.

In Count I, Moe alleged a claim for declaratory and injunctive relief individually and on behalf the proposed class. (Doc. 2 at 6-9). Judge Lynch found that Moe's individual claim for retrospective declaratory relief failed as a matter of law because it was duplicative of his bad faith claims. To the extent Moe sought

individual prospective declaratory and injunctive relief, Judge Lynch recommended that Count I be dismissed for lack of standing. Judge Lynch did not specifically address the class component of the claim. (Doc. 27 at 12-14).

In Count II, Moe alleged violations of the UTPA under § 33-18-201(1)(3)(4)(6) and (13), as well as common law bad faith. (Doc. 2 at 4-5, 9). Judge Lynch recommended that GEICO's motion to dismiss be granted with respect to Moe's claims under § 33-18-201(1) and (3), but denied with respect to his claims under § 33-18-201(4)(6) and (13). (Doc. 27 at 4-11). To the extent Moe stated a claim for relief under the UTPA, Judge Lynch recommended that his claim for common law bad faith also survive dismissal. (Doc. 27 at 12).

Count III of the Complaint alleged a class action claim under Federal Rule of Civil Procedure 23,[1] and Count IV sought a common fund. (Doc. 2 at 10-14). Judge Lynch found that GEICO's arguments regarding the viability of Moe's class action claim were premature, and recommended that GEICO's motion to dismiss be denied as to Counts III and IV. (Doc. 27 at 15-16).

Moe filed written objections to portions of Judge Lynch's Findings and Recommendations. (Doc. 32). On January 6, 2020, presiding United States District

[1] Although the Complaint cites Montana Rule of Civil Procedure 23, the Federal Rules of Civil Procedure, including Rule 23, "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

Judge Brian Morris overruled Moe's objections and adopted Judge Lynch's Findings and Recommendation in full. (Doc. 50).

In the meantime, on the October 18, 2019 deadline for amending the pleadings, Moe filed a First Amended Complaint adding Government Employees as a defendant. (Doc. 36). Moe alleges that GEICO had a duty to properly adjust his claims, and that adjusting duty was undertaken by Government Employees. (Doc. 36 at ¶ 3). Moe asserts there are several Geico insurance affiliated companies that sell auto insurance in Montana, including GEICO, Government Employees, and two others not relevant here. (Doc. 36 at ¶ 8). Moe alleges that Government Employees performs "[s]ubstantially all insurance operations of these companies," which includes "adjusting auto claims" for itself, GEICO, and the two other companies. (Doc. 36 at ¶ 8). Moe claims that Government Employees employs and pays the adjusters who adjust these claims, and that the individual adjuster who handled his claims was one such employee. (Doc. 36 at ¶¶ 8, 10). According to Moe, Montana law allows a common law cause of action against adjusters and adjusting companies who violate the UTPA as a general business practice, which means that Government Employees can be held liable for improperly administering his third-party claims for medical payments and lost wages. (Doc. 36 at ¶¶ 9, 11).

With this as his theory of liability, Moe brings the same four causes of action

against Government Employees that he does against GEICO: (1) declaratory and injunctive relief; (2) violations of the UTPA and common law bad faith; (3) class action; and (4) common fund. Other than adding Government Employees as a defendant, the Amended Complaint is substantively identical to the original Complaint, which was the subject of GEICO's first motion to dismiss.

On November 1, 2019, while Judge Lynch's Findings and Recommendation on GEICO's first motion to dismiss was awaiting review, Defendants filed the pending motion to dismiss the Amended Complaint for failure to state a claim. Defendants reassert and elaborate on the arguments presented in the first motion to dismiss, and make new arguments that pertain to Government Employees.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual

allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *Halkin v. VeriFone, Inc.* 11. F.3d 865, 868 (9th Cir. 1993)). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.2d 752, 754–55 (9th Cir. 1994). Finally, dismissal without leave to amend is appropriate when it is "clear that the complaint cannot be saved by further amendment." *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996).

## III. <u>Discussion</u>

### A. Government Employees

Defendants move to dismiss Government Employees as a party on the ground that the Amended Complaint fails to state a claim for relief against it. To begin with, Defendants make clear they dispute Moe's allegation that Government Employees adjusted his claim for medical payments and lost wages. For purposes

of this motion, however, Defendants take this allegation as true.

But even assuming Government Employees was the adjusting company, Defendants argue there is no authority to support Moe's theory that claims arising under *Ridley* and *Dubray* apply to adjusting companies. Defendants rely on the specific language of *Ridley*, which holds that "an *insurer* [is required] to pay an injured third party's medical expenses … when liability is reasonably clear." *Ridley*, 951 P.2d at 992 (emphasis added). As *Ridley* explains, "[t]his does not mean that an insurer is responsible for all medical expenses, submitted by an injured plaintiff," because "even though liability for the accident may be reasonably clear, an *insurer* may still dispute a medical expense if it not reasonably clear that the expense is causally related to the accident in question." *Ridley*, 951 P.2d at 992 (emphasis added). See also *Dubray*, 36 P.3d at 900 (extending the obligation of "in insurer" to advance pay to lost wages).

Focusing on the Montana Supreme Court's use of the term "insurer," Defendants argue that the obligation to pay an injured third party's medical expenses and lost wages under *Ridley* and *Dubray* applies only to insurers and does not extend to claims adjusters and adjusting companies. Because the obligation to make advance payments under *Ridley* and *Dubray* applies specifically to insurers, Defendants contend there is no authority for holding a claims adjuster liable for an

insurer's failure to make those advance payments.

In response, Moe argues it is well-established that common law bad faith claims against insurance adjusters for violations of § 33-18-201 are permissible under Montana law. Moe relies on a line of cases that begins with *O'Fallon v. Farmers Ins. Exchange*, 859 P.2d 1008 (Mont. 1993), in which the Montana Supreme Court held "[i]t is clear from the language of § 33-18-201, MCA, that not just insurers, but also claims adjusters, are prohibited from engaging in acts that are prohibited." See also *DeBruycker v. Guaranty Nat. Ins. Co.*, 880 P.2d 819, 823 (Mont. 1994) (recognizing that common law claims for violations of § 33-18-201 may be brought against claims adjusters and their companies).

Citing *O'Fallon*, courts in this district have consistently held that Montana law allows plaintiffs a common law bad faith claim against an adjuster who violates § 33-18-201. See *Hochhalter Inc. v. Diamond State Ins. Co.*, 2017 WL 5710461 *4 (D. Mont. Nov. 8, 2017); *Soanes v. Carolina Cas. Ins. Co.*, 2010 WL 5607045 (D. Mont. Nov. 10, 2010); *Young v. Farmers Ins. Exchange*, 2008 WL 11349722 *4 (D. Mont. Aug. 15, 2008).

Defendants acknowledge that these cases "generally hold that claims adjusters can be liable for violations of § 33-18-201," but argue they do not support Moe's theory "that adjusters are obligated to provide prompt advance payment of

medical expenses or lost wages." (Doc. 39 at 12). But this is not Moe's theory. Moe is not alleging that GEICO's obligation to make advance payments under *Ridley* and *Dubray* extended to Government Employees. Rather, Moe is seeking to hold Government Employees liable for its alleged bad faith handling of his claim for *Ridley/Dubray* payments, including its alleged failure to conduct a reasonable investigation in violation of § 33-18-201(4) and effectuate a prompt, fair, and equitable settlement in violation of § 33-18-201(6) and (13).

The fact that Ridley places the obligation to pay such a claim squarely on the shoulders of the insurer does not mean that the adjusting company responsible for handling the claim cannot be held liable for violating § 33-18-201. The UTPA provides that no "person" may engage in certain prohibited conduct relating to insurance claims handling, and defines "person" broadly as including "an individual, insurer, company, … corporation, or any other legal entity." Mont. Code Ann. §§ 33-18-201, 202(3). Relying on these provisions, *O'Fallon* rejected much the same argument that Government Employees makes here – that an adjuster cannot be held liable under the UTPA because it is not the insurer responsible for paying the claim. *O'Fallon* made clear that adjusters who engage in prohibited claims handling practices can be held liable under the UTPA. Thus, while Defendants are correct that an insurer's obligation to make advance

payments arises under *Ridley*, they are mistaken in arguing that the independent duties imposed by § 33-18-201 cannot apply to an adjuster handling a claim for advance payments under *Ridley*.

To the extent Defendants argue Moe's bad faith claims against Government Employees fail as a matter of law of law because the two were not in privity of contract, the Court is not convinced. Like Moe, the plaintiffs in *O'Fallon* were third-party claimants and so were not in privity of contract with the insurer or its adjuster. *O'Fallon*, 859 P.2d at 1013. *O'Fallon* nevertheless held that a claims adjuster could be held responsible for bad faith adjustment of third-party claims against the insurer.

Defendants rely on *Diaz v. Blue Cross & Blue Shield of Montana*, 267 P.3d 756 (Mont. 2011), *abrogated on other grounds by Chipman v. Northwest Healthcare Corp.*, 288 P.3d 103 (Mont. 2012), for the proposition that adjusting companies are not "obligated to provide prompt advance payment of medical expenses or lost wages." (Doc. 39 at 12). *Diaz* held that third-party administrators for the State of Montana were not liable for violations of made-whole subrogation statutes because they did not provide the funds to pay the claims at issue and did not make the final decision regarding claim denial, and thus were not insurers for the claims. *Diaz*, 267 P.3d at 761. But because *Diaz* was not a UTPA case and did

not discuss *O'Fallon* or common law bad faith, it is largely inapposite.

As set forth above, Montana law recognizes that claims adjusters can be held liable under the UTPA, and Defendants attempts to distinguish between *Ridley* claims and *O'Fallon* claims in this context are unpersuasive. That being said, Defendants may well prevail on summary judgment if they are able to demonstrate that Government Employees did not adjust Moe's claim. According to Defendants, Government Employees and GEICO are independent companies, and the individual claims adjuster who handled Moe's claim received her paycheck from Government Employees but was adjusting Moe's claim on behalf of the insurer, GEICO. (Doc. 39 at 10 n.4). As Defendants explain it, "[a]n individual claims adjuster may adjust claims on behalf of different GEICO entities, but in each instance, she is adjusting the claim on behalf of the entity with which the insured has a policy." (Doc. 39 at 10 n.4). Assuming for present purposes that Government Employees was the adjusting company, however, Moe adequately states a claim for relief to the extent discussed below.

**B. Count I: Declaratory and Injunctive Relief**

Defendants argue the Court's conclusion that Moe lacks standing to pursue his claim for declaratory and injunctive relief as set forth in Count I of the original Complaint applies equally to Count I of the Amended Complaint. Defendants are

correct. The two claims are identical, and nothing in the Amended Complaint changes the Court's conclusion that Moe lacks standing to maintain his claim for declaratory and injunctive relief. (Doc. 27 at 14-15; Doc. 50 at 5).

Moe points out that the Court did not address the class component of Count I, and appears to argue that dismissal of his individual claim does not affect his ability to assert a class claim for declaratory and injunctive relief under Rule 23(b)(2). It is well established, however, that "when a named plaintiff has no cognizable claim for relief, [he] cannot represent others who may have such a claim. *Standford v. Memberworks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010). Likewise, "a named plaintiff who lacks standing to seek prospective injunctive relief is not permitted to pursue injunctive relief on behalf of" a putative class. *Bird v. First Alert, Inc*., 2014 WL 7248734, *5 (N.D. Cal. Dec. 19, 2014)). Because Moe's individual claim for declaratory and injunctive relief has been dismissed for lack of standing, he cannot maintain a claim for declaratory and injunctive relief on behalf of a purported class.

Even if some portion of Count I could be said to have survived GEICO's first motion to dismiss, Defendants argue it would nevertheless fail as a matter of law because the UTPA does not allow for declaratory or injunctive relief. As the parties are well aware, this Court recently addressed this issue in *Byorth v. USAA*

*Casualty Insurance*, 2019 WL 6715970, at *2-3 (D. Mont. Dec. 10, 2019). Following Ninth Circuit precedent, this Court concluded that "[t]he UTPA … neither creates a right of action for declaratory judgment, nor does it allow for declaratory or injunctive relief." *Byorth*, 2091 WL 6715970, at *2. The parties have addressed *Byorth* in supplemental briefing (Docs. 51 & 52), and the Court sees no basis for reaching a different conclusion here. Accordingly, even if Count I did not fail for lack of standing, it would fail to the extent it is tied to Moe's statutory bad faith claims because declaratory and injunctive relief is not permissible under the UTPA.

In his supplemental brief on *Byorth*, Moe maintains that he still has a claim for retrospective injunctive relief. (Doc. 52 at 6 n. 6). Although there is no request for retrospective injunctive relief in Count II, Moe points out that in his class claim he seeks notice to the class members, and to reopen and readjust their claims. (Doc. 36 at ¶¶ 63-64). Because the ruling on GEICO's first motion to dismiss did not specifically address this request, Moe takes the position that he has a viable claim for retrospective injunctive relief.

While Moe may be seeking retrospective injunctive relief on behalf of the putative class, he does not have an individual claim for retrospective injunctive relief. Without such an individual claim, Moe cannot seek retrospective injunctive

relief on behalf of a purported class.

Because Moe lacks standing to seek individual or class-based declaratory and injunctive relief, Count I of the Amended Complaint fails to state a claim for relief and should be dismissed in its entirety.

### C. Count II: UTPA and Common Law Bad Faith

As explained above, Count I of the original Complaint alleged violations of Mont. Code Ann. § 33-18-201(1)(3)(4)(6) and (13). The Court granted GEICO's motion to dismiss Moe's claims under § 33-18-201(1) and (3), but denied its motion with respect to Moe's claims under § 33-18-201(4)(6) and (13). (Doc. 27 at 4-11). To the extent Moe stated a claim for relief under the UTPA, his claim for common law bad faith also survived dismissal. (Doc. 27 at 12).

Like the original Complaint, Count II of the Amended Complaint alleges violations of the UTPA under § 33-18-201(1)(3)(4)(6) and (13), as well as common law bad faith. (Doc. 2 at 4-5, 9). With the exception of four additional factual allegations (Doc. 36 at ¶¶ 17, 20, 21, 27-28), the Count II of the Amended Complaint is identical to Count II of the original Complaint.

The Court's order on GEICO's first motion to dismiss is the law of the case, and the reasons for the Court's ruling are equally applicable to Government Employees. Consistent with the Court's prior order, Count II of the Amended

Complaint survives to the extent it alleges violations of § 33-18-201(4)(6) and (13), but fails to state a claim under § 33-18-201(1) and (3).

Moe argues that he has alleged one new fact in the Amended Complaint that provides a basis for allowing his misrepresentation claim under § 33-18-201(1) to proceed. Paragraph 20 of the Amended Complaint alleges that:

> [A]fter Defendants received the bills and request for payment, Defendants wrote Health in Motion on six separate occasions stating "We are in receipt of your billing [with date]. We are not a health insurance carrier and specifically not an insurer of Brandon Moe. We suggest you contact your patient to secure filing information."

(Doc. 36 at ¶ 20). Moe maintains this letter to his health care provider constitutes an actionable misrepresentation of pertinent facts and the claims process.

As the Court explained in its order on GEICO's first motion to dismiss, however, allegations like these "involve a dispute over a legal issue, the triggering of GEICO's obligations under *Ridley*, and do not involve misrepresentations of 'facts or insurance policy provisions relating to coverages at issue.'" (Doc. 50, at 5 (citing Mont. Code Ann. § 33-18-201(1)). The addition of this one allegation does not remedy the deficiencies identified by the Court when dismissing Moe's claim under § 33-18-201(1).

**D. Counts III and IV: Class Action and Common Fund**

Count III of the Amended Complaint asserts a class action claim pursuant to

Federal Rule of Civil Procedure "23(a) and Rule 23(b)(2) and, alternatively or in addition to, Rule 23(b)(3)." (Doc. 36 at ¶ 60). This claim is virtually identical to the class claim alleged in Count III of the original Complaint, which survived GEICO's first motion to dismiss. The Court denied GEICO's motion to dismiss the class claim as premature, and found that GEICO's arguments would be better addressed on a motion for class certification. Thus, the Court did not address the merits of GEICO's argument that Moe failed to allege sufficient facts to support a plausible claim for class relief. GEICO did not file objections to Judge Lynch's Findings and Recommendation, and the Court's ruling on the first motion to dismiss will not be revisited here.

## IV. **Conclusion**

For the reasons discussed,

IT IS RECOMMENDED that Defendants' Motion to Dismiss the First Amended Complaint (Doc. 38) be GRANTED IN PART and DENIED IN PART as outlined above.

DATED this 26th day of February, 2020.

Kathleen L. DeSoto
United States Magistrate Judge