IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INDEMNITY CO., GOVERNMENT EMPLOYEES INSURANCE COMPANY, and JOHN DOES I-XX,<br><br>Defendants, | CV-19-23-BU-BMM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

## INTRODUCTION

Plaintiff Brandon L. Moe, acting individually and on behalf of all individuals of the class similarly situated, suffered injuries in an automobile accident on March 14, 2015. Another car, whose driver was insured by Defendant GEICO, struck Moe's car from behind. Moe incurred medical bills and lost wages. Magistrate Judge Kathleen L. DeSoto entered findings and recommendations in this matter on February 26, 2020. (Doc. 59). Moe objected and GEICO filed a

1

response to the objections.  The Court held a hearing on the objections to the Findings and Recommendations on May 26, 2020.

## BACKGROUND

Moe brought four claims against GEICO in Montana state court: 1) request for declaratory and injunctive relief; 2) violations of Montana's Unfair Trade Practices Act ("UTPA") and common law bad faith; 3) class action; and 4) common fund. (Doc. 2).  Moe alleges that GEICO failed to make prompt advance payment of his medical bills and lost wages as required under *Ridley v. Guaranty Nat'l Ins. Co.*, 951 P.2d 987 (Mont. 1997), and *Dubray v. Farmers Ins. Exch.*, 36 P.3d 897 (Mont. 2001).  GEICO removed the case to federal court and filed a motion to dismiss.  (Docs. 1, 6).

This Court adopted findings and recommendations, (Doc. 50), entered by Magistrate Judge Jeremiah C. Lynch, (Doc. 27).  Judge Lynch determined that Moe's claim for declaratory and injunctive relief in Count I failed for lack of standing.  Judge Lynch rejected Moe's effort to seek a declaratory judgment that GEICO violated Montana law and noted the claim duplicated his statutory and common law bad faith claims and thus proved "wholly superfluous."  (Doc. 27 at 13).  Therefore, "[t]he declaratory relief sought would serve no practical purpose beyond the remedies available under the UTPA, which means this claim is subject to dismissal."  (Doc. 27 at 13).  Judge Lynch continued: "[t]o the extent Moe also

2

seeks a declaration that GEICO continues to violate the law in its handling of *Ridley* payments and asks for prospective injunctive relief prohibiting it from doing so in the future, his claim fails for lack of standing." (Doc. 27 at 14). Moe lacked standing to maintain his claim for prospective declaratory and injunctive relief because he had settled his underlying claim with GEICO and was not a GEICO insured and had not alleged facts showing a likelihood of harm in the future. (*Id.*).

Judge Lynch recommended that GEICO's motion to dismiss be granted with respect to Moe's UTPA claims under Mont. Code Ann. § 33-18-201(1) (misrepresenting facts or policy provisions) and (3) (failing to implement reasonable standards for investigation of claims), but denied with respect to claims under Mont. Code Ann. § 33-18-201(4) (refusal to pay claims without conducting reasonable investigation) and (6) and (13) (together requiring prompt settlement of claims if liability is reasonably clear). (Doc. 27 at 4-11). Magistrate Judge Lynch recommended that GEICO's motion be denied as premature with respect Moe's claims for a class action (Count III) and creation of a common fund (Count IV). (*Id.* at 12). The Court adopted in full Judge Lynch's findings and recommendations. (Doc. 50.)

Moe filed a First Amended Complaint on October 18, 2019, that asserted the same four causes of action against Defendant Government Employees Insurance Company ("Government Employees"). (Doc. 36). Government Employees

adjusts insurance claims for GEICO. (*Id.*). GEICO and Government Employees filed a motion to dismiss the First Amended Complaint, (Doc. 38), and Magistrate Judge DeSoto issued Findings and Recommendations that largely mirrored the analysis regarding Moe's first complaint. (Doc. 59). Moe filed objections on March 27, 2020. (Doc. 62). GEICO filed a response. (Doc. 65).

## STANDARD OF REVIEW

The Court reviews de novo findings and recommendations to which the parties make objections. 28 U.S.C. § 636(b)(1). A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The Court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co*, 80 F.3d 336, 337-38 (9th Cir. 1996).

## DISCUSSION

Moe's objection focuses on the aspect of the Findings and Recommendation that concludes that Moe lacks standing to pursue retrospective injunctive relief on behalf of the class. Moe asserts that under the *Erie* doctrine, federal courts apply the substantive state law of damages. (Doc. 62 at 6). Moe argues that in state court he would have the ability under state substantive law to pursue retrospective injunctive relief on behalf of the class. (*Id.*). Moe seeks a single class trial for injunctive relief to determine the legality of Defendants' claims handling practices.

4

If liability follows, class members would be notified of their rights and a relief phase would ensue allowing individualized claim specific proceedings.

Moe contends that this bifurcated proceeding aligns specifically with the decisions of the Montana Supreme Court in *Jacobsen v. Allstate*, 310 P.3d 452 (Mont. 2013), and the Seventh Circuit in *McReynolds v. Merrill Lynch*, 672 F.3d 482 (7th Cir. 2012). (Doc. 62 at 8-9). *Jacobsen* allowed a class action to proceed through a bifurcated proceeding where individual determinations of damages followed a class-wide determination of liability. 310 P.3d at 472. The Montana Supreme Court reviewed a district court's order certifying a class action against Allstate. *Id.* at 454. Jacobsen had entered into a settlement with Allstate, while unrepresented by counsel, after having suffered injuries in an accident caused by Allstate's insured. *Id.* The adjuster used Allstate's Claim Core Process Redesign (CCPR) program to process Jacobsen's claim. *Id.* at 455. Jacobsen received $3,500, 45 days of open medical payment, and signed a release. Jacobsen later discovered that he had additional medical bills. *Id.*

Jacobsen retained counsel who successfully rescinded the release with Allstate and renegotiated a $200,000 settlement. *Id.* Jacobsen then retained new counsel and filed a complaint against Allstate. *Id.* The new complaint alleged violations of the UTPA and common law bad faith, among others. *Id.* After extensive litigation, Jacobsen ultimately added a count to include class action

5

claims based on Allstate's CCPR program's violation of the UTPA and common law bad faith laws by misrepresenting that unrepresented claimants generally received more compensation. *Id.* at 456.

The district court certified Jacobsen's claim as a class action based on findings that it satisfied Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy. *Id.* at 457. The district court provided the following remedy, among others: a mandatory injunction requiring Allstate to give class members "notice of the right and opportunity to obtain re-opening and re-adjustment of their individual claims." *Id*. The Court agrees that *Jacobsen* appears implicitly to authorize injunctive relief of the kind requested by Moe. The Court does not construe *Jacobsen* as broadly supportive, however, as Moe interprets it to be. *Jacobsen* does not address the availability of declaratory and injunctive relief under the UTPA. *Jacobsen* simply reviewed the district court's class certification on appeal. *Id.* at 459 ("We afford trial courts the broadest discretion when reviewing a decision on class certification."). *Jacobsen* did not address directly whether a party had individual standing to bring a claim. *Jacobsen* also precedes other, more recent decisions, such as *Ibsen, Inc. v. Caring for Montanans, Inc.*, 371 P.3d 446 (Mont. 2016) (determining that plaintiff lacked standing to assert private cause of action for alleged violations of the UTPA beyond the six enumerated

6

subsections of Mont. Code Ann. § 33-18-101), and *Byorth v. USAA Casualty Insurance*, No. CV 17-153-M-KLD, 2019 WL 6715970 (D. Mont. Dec. 10, 2019).

Judge DeSoto noted that even if some portion of Count I survived Geico's first motion to dismiss, it would fail as a matter of law because the UTPA does not allow for declaratory and injunctive relief. Judge DeSoto concluded that without an individual claim for relief, Moe cannot pursue relief on behalf of the class. (Doc. 59 at 13-14). Judge DeSoto recently had addressed the issue of whether the UTPA permitted declaratory and injunctive relief in *Byorth*, 2019 WL 6715970, at *2-3. The parties submitted supplemental briefing on *Byorth*.

Judge DeSoto acknowledged in *Byorth* the apparent tension between *Jacobsen* and *Ibsen* and other federal case law. *Byorth*, 2019 WL 6715970 at *4. Judge DeSoto determined, however, that it would be appropriate to follow Ninth Circuit case law that precludes claims for declaratory and injunctive relief under the UTPA. *Id.* Judge DeSoto based this conclusion on the fact that *Jacobsen* involved a review of class certification rather than a motion to dismiss. *Id.* Judge DeSoto also noted the plain language of Montana Code Annotated § 33-18-242(3) provides that a cause of action may be brought against an insurer for "actual damages" under a theory of "breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action." *Id.* Judge DeSoto concluded that "[t]he UTPA . . . neither creates a right of action for

7

declaratory judgment, nor does it allow for declaratory or injunctive relief." *Byorth*, 2019 WL 6715970, at *2.

This Court denied a motion for class certification in *Gordon v. New West Health Service*, No. CV 15-24-GF-BMM, 2017 WL 365484, *1 (D. Mont. Jan. 25, 2017). The underlying conduct related to New West's refusal to provide coverage for inpatient substance abuse and mental health treatment. *Id.* at *1. New West had stopped providing claim administration services at the time of the filing of the complaint and no longer administered any commercial health plans. *Id.* at *4. The plaintiffs lacked standing to certify a Rule 23(b)(2) class because they no longer received benefits and the defendants no longer engaged in the alleged improper conduct. *Id*. The plaintiffs sought a *McReynolds*-type bifurcated proceeding, but the Court distinguished *McReynolds* from the plaintiffs in New West. *Id.* The Gordons were not seeking to enjoin ongoing business practices as the plaintiffs were in *McReynolds* and *Jacobsen*. *Id.* The Court rejected class certification: "[t]he Gordons' putative class cannot be certified under Rule 23(b)(2) due to the Gordons' failure to identify any ongoing conduct that they seek to enjoin." *Id.* The Court agrees, in light of *Gordon*, with Judge Lynch's conclusion in the first set of findings and recommendations in this case that Moe's settlement of his underlying claim with GEICO, and as not a GEICO insured, would make it

8

difficult for him to allege facts that would show a likelihood of future harm that could entitle him to prospective injunctive relief. (Doc. 27 at 14; Doc. 50 at 4.)

The Court must assess whether Moe has standing to pursue declaratory and injunctive relief under the UTPA against this backdrop. The more recent decision of the Montana Supreme Court in *Marshall v. Safeco Ins. Co. of Ill.*, 413 P.3d 828 (Mont. 2018), further complicates the analysis. The parties settled the negligence claims that plaintiff initially had filed against the tortfeasors. *Marshall*, 413 at 830. Marshall then filed an amended complaint against the insurer in which he alleged claims seeking declaratory judgment and violations under the UTPA. *Id.* The plaintiff alleged that the insurer impermissibly had relied upon the collateral source statute to take a reduction in damages sustained or owed to its insureds or claimants. *Id.* The district court dismissed plaintiff's complaint based on its failure to present a justiciable controversy. *Id.* The Montana Supreme Court reversed.

The court first distinguished its decision in *Miller v. State Farm Mut. Auto. Ins. Co.*, 155 P.3d 1278 (Mont. 2007), on the basis that the parties in *Miller* had not yet reached a settlement and plaintiff's effort to use a declaratory judgment action for guidance on whether an insurer could consider a potential future offset under the collateral source doctrine failed to create a justiciable controversy. *Marshall*, 413 P.3d at 831-32. The plaintiff in *Miller* also did not allege any UTPA

9

violations. *Marshall*, 413 P.3d at 833, n.2. By contrast, the procedural posture in *Marshall*, after settlement of underlying tort claims, allowed the parties to litigate a claim under existing rights or interests provided in the UTPA. *Id.* at 832. Resolution of the claim "would determine the parties' rights, status, or legal relationship." *Id.*

Moe is not an insured of GEICO and this Court already has determined that Moe lacks standing to assert his claim for prospective declaratory and injunctive relief because Moe failed to allege facts demonstrating a likelihood of future harm resulting from GEICO's practices. (Doc. 50 at 4). The Court agrees with Judge DeSoto that any surviving aspect of Moe's claim for declaratory and injunctive relief would fail because the plain language of the UTPA precludes that type of relief. Mont. Code Ann. § 33-18-242(1), (3). The reasons that Judge DeSoto did not find *Jacobsen* persuasive in *Byorth* persist in the instant case. *Jacobsen* supports the use of bifurcated proceeding in some class actions that involve a common question of law to be decided in one proceeding followed by individual hearings on damages to class members. *Jacobsen*, 310 P.3d at 457. *Jacobsen*'s narrow review of the district court's class certification, however, has limited application here.

*Marshall* presents a more difficult analysis. *Marshall* supports the use of a declaratory judgment action to determine the parties' rights and interest under the

UTPA after a settlement of the underlying claims. *Marshall*, 413 at 831-32. The plaintiff in *Marshall* pursued claims only on his behalf rather than as representative of a class action. *Id.* The Court recognizes that sitting in diversity jurisdiction it must anticipate how the Montana Supreme Court would decide this question of Montana law. *Ticknor v. Choice Hotels Intern., Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). The Montana Supreme Court ultimately will have the last word on whether a party may pursue a class action under Montana law when the party lacks standing to pursue an individual claim and whether the UTPA allows an individual to seek declaratory and injunctive relief.

Until the Montana Supreme Court resolves the issue, the Court concludes based on *Byorth*, that Moe lacks the ability to pursue declaratory or injunctive relief under the UTPA. *Byorth*, 2019 WL 6715970 at *2. As noted in *Byorth*, "[t]he UTPA …neither creates a right of action for declaratory judgment, nor does it allow for declaratory or injunctive relief." *Id.* Moe's lack of individual standing and inability to bring a claim for declaratory and injunctive relief precludes him from bringing a claim on behalf of the class. *Standford v. Memberworks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (holding "when a named plaintiff has no cognizable claim for relief, [he] cannot represent others who may have such a claim"). The Court agrees that Count I of the Amended Complaint fails to state a claim for relief

11

due to Moe's lack of standing under the UTPA to seek individual or class-based declaratory and injunctive relief and should be dismissed in its entirety.

## ORDER

The Court finds no clear error in the remaining portions to which neither party objected in the Findings and Recommendations.

**IT IS ORDERED**:

1. Judge DeSoto's Findings and Recommendations (Doc. 59) are **ADOPTED IN FULL**.

2. Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 38) is **GRANTED**, in part, and **DENIED**, in part.

DATED this 19th day of June, 2020.

Brian Morris, Chief District Judge
United States District Court