# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRANDON L. MOE, individually and on behalf of all individuals of the class similarly situated, | **CV-19-23-BU-BMM** |
| Plaintiffs, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| GEICO INDEMNITY CO., GOVERNMENT EMPLOYEES INSURANCE COMPANY, and JOHN DOES II – XX, | |
| Defendants. | |

## INTRODUCTION

United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendations in this matter on September 15, 2021. (Doc. 131). Judge DeSoto recommended that the Court should grant the motion for summary judgment filed by Defendants GEICO Indemnity Co; Government Employees Insurance Company ("GEICO"). (*See* Docs. 131, 135). Plaintiff Brandon L. Moe ("Moe") timely filed objections on October 6, 2021. (Doc. 136.)

## BACKGROUND

Moe suffered injuries in an automobile accident on March 15, 2015. (Doc. 100 at ¶¶ 1-2). GEICO insured Loretta Westcott struck from behind a vehicle in which Moe rode as a passenger. *Id.* Moe began receiving medical treatment for his injuries shortly after the accident. *Id.* at ¶ 3.

Moe remained in limited contact with GEICO with regard to payment of his medical bills. *Id.* at ¶¶ 3-5, 28-30.  Moe testified in his deposition that he understood that GEICO would be responsible for his medical bills. *Id.* at ¶ 18. Moe never explicitly requested, however, that GEICO pay his medical bills in advance of final settlement. *Id.* at ¶ 30. GEICO offered to settle Moe's claims for $1,000 plus outstanding medical bills on December 7, 2015. *Id.* at ¶¶ 40-41. Moe rejected the offer. *Id.* at ¶ 42.

Moe failed to respond to GEICO's attempts to reach him after he rejected GEICO's offer. *Id.* at ¶¶ 43, 47-50. Moe hired Mark Luebeck to represent him in October of 2016, approximately one month after Moe's outstanding medical bills had been sent to collections. *Id.* at ¶¶ 52-53. Luebeck asked GEICO in writing why it refused to pay Moe's medical bills. *Id.* at 35-36, ¶¶ 32-33; (Doc. 100-18). GEICO responded in a letter, dated January 12, 2017, that it "did not refuse payment from Mr. Moe's medical bills, *Ridley* was not requested." *Id.*, citing *Ridley v. Guaranty Nat. Ins. Co.*, 951 P.2d 987 (Mont. 1997).

Luebeck submitted a specific *Ridley* demand letter on June 29, 2017. The letter requested that GEICO pay Moe's accident-related medical bills and lost wages. (Doc. 87 at ¶ 72; Doc. 100-41). GEICO paid sums of money to Moe that Moe claims did not include the amounts of medical bills and lost wages for the period of time when Moe was not represented by counsel. (Doc. 100 at ¶¶ 78-79; Doc. 36).

GEICO removed this case from Montana's Eighteenth Judicial District Court, Gallatin County on May 17, 2019. (Doc. 1). Since that time, this Court has dismissed several of Plaintiff's claims. (Docs. 50, 59, 77). Judge DeSoto entered Findings and Recommendations on September 15, 2021, for Defendant's Motion for Summary Judgment (Doc. 86) on Moe's remaining claims. (Doc. 131). Judge DeSoto recommended that this Court grant the Motion and dismiss the case. *Id.* Moe raises four specific objections to Judge DeSoto's Findings and Recommendations. (Doc. 136 at 4-27.) The Court addresses each objection.

## LEGAL STANDARD

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute

perfunctory responses argued simply to engage the district court in a re-argument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014).

## I.   PLAINTIFFS' OBJECTION ONE: JUDGE DESOTO'S RECOMMENDATIONS CONFLICT WITH EARLIER RULINGS OF MAGISTRATE JUDGE LYNCH AND ADOPTED BY THE COURT.

Moe asserts first that earlier rulings by Magistrate Judge Lynch, adopted by the Court, represent the law of the case that conflicts with the recommendations of Judge DeSoto. Judge Lynch recommended that the deny GEICO's motion to dismiss Moe's claims under the UTPA and for common law bad faith. (Doc. 27 at 16.) Judge Lynch reasoned that no "formal demand using the terms *Ridley* and *Dubray*" were needed to trigger GEICO's statutory obligations to make advance payments. (Doc. 27 at 8). The Court adopted Judge Lynch's recommendations regarding his analysis of *Ridley*. (Doc. 50 at 3.)

The Ninth Circuit, along with other circuits, has recognized that the prior law of a case does not apply when the prior ruling is based on a different legal standard. See, *Peralta v. Dillard*, 744 F.3d 1076, 1088-89 (9th Cir. 2014); *McKenzie v. BellSouth Telecom*, 219 F.3d 508, 513 (6th Cir. 2000); *Andrews Farms v. Calcot, Ltd.*, 693 F.Supp.2d 1154, 166 (E.D. Cal. 2010). Judge Lynch based his earlier rulings on the Rule 12(b)(6) motion to dismiss pleading standard,

4

as opposed to the Rule 56(a) motion for summary judgment standard. As Judge DeSoto already has emphasized, these standards are "fundamentally different" from each other, and the prior Rule 12(b)(6) ruling does not apply at this stage. (Doc. 131 at 12).

Notably, Moe does not attempt to cite to or distinguish any of the cases cited by Judge DeSoto that undermine Moe's law of the case argument. He instead asserts that because the facts in issue have remained the same throughout the proceedings, the prior law should be applied. The factual record remaining substantially the same for both the Rule 12(b)(6) motion to dismiss and the Rule 56(a) motion for summary judgment, however, is not dispositive in applying the prior ruling here as Moe suggests.

Furthermore, Judge DeSoto's findings do not conflict with the law of the case. Moe brings up issues that already were decided by Judge DeSoto. Moe argues that Judge DeSoto's findings conflict with Judge Lynch's Findings and Recommendations that this Court adopted. As noted by Judge DeSoto, however, Judge Lynch stated that "the mere fact that a medical provider submits bills for payment would not, standing alone, necessarily trigger an insurer's obligations under the UTPA." (Doc. 131 at 12; Doc. 27 at 11). Judge Lynch did not decide that Moe made a claim for advance payment, but rather decided that the facts taken as true at the time of the ruling would not be sufficient to show a claim had been

5

made for advance payments. (Doc. 27 at 11). Accordingly, Judge DeSoto's findings do not conflict with Judge Lynch's ruling and the Court rejects Moe's law of the case argument.

## II.   PLAINTIFFS' OBJECTION TWO: JUDGE DESOTO'S RECOMMENDATIONS DEFEAT THE PURPOSE OF THE UTPA, *RIDLEY* AND *DUBRAY*.

Moe argues that the Judge DeSoto's recommendations defeat the purpose of the UTPA, *Ridley*, and *DuBray* by improperly transferring duties to claimants imposed by statute and case law on insurers. (Doc. 136 at 14-15). Moe asserts that Geico failed to communicate, investigate, and advance pay his injury claim after a medical provider submitted his claims. *Id.* at 15. Moe also cites to the *Ridley* two-part test and points out that an express demand for advance payment is not a requirement. *Id.* at 17.

Judge DeSoto used the plain language of the UTPA and Montana case law to determine that a third-party claimant must explicitly request, demand, or make a claim to trigger an insurer's duty to make advance payments. (Doc. 131 at 16-17, 20-22). Each of the advance payment cases cited by Moe include an express demand by the claimant and a refusal by the insurer. (Doc. 136 at 18). Moe correctly notes that the UTPA imposes duties on insurers. Judge DeSoto correctly countered that third-party claimants nonetheless maintain the duty to assert a claim. (Doc. 131 at 16-17). Without a claim by Moe, no obligation exists for GEICO under the UTPA. *See Coleman Construction, Inc. v. Diamond State Ins.*

*Co.*, 2008 WL 2357365, *3 (D. Mont. June 5, 2008); *McNeil v. Currie*, 830 P.2d 1241, 1246 (Mont. 1992).

Moe's argument that Geico violated the UTPA by failing to communicate and investigate also fails. Geico has demonstrated by undisputed facts that it communicated with Moe on multiple occasions, that it offered to settle Moe's claim but was rejected, and that Moe was unresponsive to numerous attempts by Geico to contact him. (Doc. 102 at ¶¶ 31, 37, 40-50). Moreover, Geico does not have a duty to "solicit" claims from a third-party claimant. *See Philadelphia Indemn. Ins. Co. v. Great Falls Rescue Mission*, 2021 WL 2916946, *6 (D. Mont. July 12, 2021). Moe suggests that Geico failed to communicate and investigate. The factual record suggests otherwise. In sum, Judge DeSoto's findings do not frustrate the purposes of the UTPA, *Ridley*, or *DuBray* because Moe failed to make a request for advance payments and Geico had no obligation to solicit claims from Moe.

## III. PLAINTIFFS' OBJECTION THREE: DEFENDANTS LACKED A REASONABLE BASIS IN LAW TO DENY MOE'S CLAIMS FOR REIMBURSEMENT.

Moe contends that the Judge DeSoto wrongly concluded that GEICO possessed a reasonable basis in law to deny his claims for reimbursement for his medical payments. (Doc. 136 at 20-22). Moe reasons that Geico already has used this defense in response to Moe's two prior Rule 12(b)(6) motions and this Court

decided in favor of Moe both times. *Id.* at 25. Moe also contends that Geico failed to investigate and should be held liable under the legal landscape of the UTPA. *Id.* at 26.

Geico may not be held liable under the UTPA if it had a "reasonable basis in law or in fact for contesting the claim." Mont. Code Ann. § 33-18-242(5). Geico is therefore protected under MCA § 33-18-242(5) unless its position is "wholly unreasonable." See *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 418 (Mont. 2013). Moe fails to provide caselaw to suggest that Geico's conduct was "wholly unreasonable" under the legal landscape. *Id.* Specifically, Moe fails to point to any caselaw where an insurer was obligated to pay advance payments to a third-party claimant when no request was made. Even if Geico's actions were "ultimately wrong," there is no indication that they were objectively unreasonable. *Id.* at 419-21.

Furthermore, Judge DeSoto declared Geico's decision to withhold advance payments and refuse payment of medical bills upon receipt from medical providers objectively reasonable based on the undisputed record. (Doc. 131 at 29). Judge DeSoto highlights many facts in the order that favor Geico's position that it had a reasonable basis for not making advance payments. *Id.* Accordingly, a reasonable basis exists in law to deny Moe's claims for reimbursement.

### IV.   PLAINTIFFS' OBJECTION FOUR: JUDGE DESOTO WRONGLY CONCLUDED THAT THE STATUTE OF LIMITATIONS HAD EXPIRED.

Finally, Moe suggests he timely filed his third-party complaint, under §33-18-242, MCA, against Geico Indemnity on December 21, 2018. (Doc. 136 at 22-23). Moe claims that the statute of limitations started accruing when Geico first denied coverage on January 12, 2017, in a letter to Moe, stating that "*Ridley* was not requested." (Doc. 136 at 29; Doc 100 at 32).

The statute of limitations for Moe's common law bad faith claim is three years. See *Nelson v. Hartford Ins. Co.*, 2012 WL 5874457, *3 (D. Mont. Nov. 20, 2012). When a cause of action "accrues," meaning "the last fact essential to the cause of action occurs, regardless of whether the damages are complete," the statute of limitations begins to run. MCA § 27-2-102(2); *Nelson*, at *3.

Moe knew that Geico refused to pay his medical bills as early as April 21, 2015. (Doc. 36 at ¶¶ 22, 26). Moe did not file this case until December 21, 2018. (Doc. 2). At the time of filing, over three and a half years after the "accrual" point when Moe received notice that Geico refused to pay his medical bills, the statute of limitations had expired. Accordingly, Judge DeSoto properly found that the statute of limitations had run on Moe's common law bad faith claim.

## V.   JUDGE DESOTO HELD THAT MOE'S COMMON LAW BAD FAITH CLAIM FAILS FOR THE SAME REASONS AS HIS UTPA CLAIM.

Moe does not object to this finding by Judge DeSoto. This Court therefore reviews the findings for clear error. *McDonnell Douglas Corp.,* 656 F.2d at 1313. Finding none, the Court adopts Judge DeSoto's findings.

## ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's objections to the Findings and Recommendations (Doc. 136) are **DENIED**. The Court adopts in full Judge DeSoto's Findings and Recommendations (Doc. 131).

1. Defendants' Motion for Summary Judgement (Doc. 86) is **GRANTED** and the case is dismissed.

Dated the 26th day of January, 2022.

_____
Brian Morris, Chief District Judge
United States District Court

10